UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

| | |
|---|---|
| Vital Anicette, | No. 2:19-cv-00339-FtM-PAM-MRM |
| Petitioner, | |
| v. | **MEMORANDUM AND ORDER** |
| State of Florida, | |
| Respondent. | |

This matter is before the Court on a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254. For the following reasons, the Petition is denied.

**BACKGROUND**

On March 30, 2009, Petitioner Vital Anicette was charged with (1) burglary with a battery and (2) aggravated battery on a person 65 years or older. Before trial, Anicette moved for a competency examination. The trial court granted the request and appointed an expert to conduct the examination, after which the trial court found Anicette competent to stand trial. On May 10, 2011, a jury convicted Anicette of the charged offenses. The trial court sentenced him to a term of life imprisonment on count one and five years of imprisonment on count two, to run concurrently.

On appeal, Anicette claimed he received ineffective assistance of counsel because his lawyer allegedly failed to confer with him before the lawyer admitted Anicette's guilt to a charged offense at trial. The Second District Court of Appeal rejected that challenge and affirmed his convictions on November 19, 2013.

On December 16, 2014, Anicette filed the first of two motions for postconviction relief in state court. The first motion was dismissed for being improperly filed, but Anicette properly filed his second motion on February 23, 2014. The second motion alleged 16 claims of ineffective assistance of counsel and trial error. The state postconviction court denied all the claims without an evidentiary hearing. Anicette appealed and the Florida Second District Court of Appeal issued a per curiam affirmance without a written opinion; mandate issued on April 23, 2019. The Florida Supreme Court lacks discretionary jurisdiction to review per curiam affirmances rendered without a written opinion, and thus the Court of Appeal's ruling became final when the mandate issued. Wells v. State, 132 So. 3d 1110, 1112 (Fla. 2014).

Anicette's instant Petition alleges 12 grounds for relief, all of which the state postconviction court denied. He asserts ineffective assistance of counsel and trial error for (1) conceding guilt to a charged offense without consent, (2) unreasonable presentation of partial guilt, (3) failing to demonstrate a witness was lying, (4) failing to prepare, present, or understand the law, (5) failing to provide guidance on the State's plea offers, (6) failing to insist on a competency hearing, (7) cumulative error, (8) an unsupported departure from the sentencing guidelines, (9) failing to convey the terms of State plea offers, (10) waiving the right to a speedy trial without consent, (11) failing to investigate and present on a mental illness at sentencing, and (12) threatening Anicette to prevent testimony at trial. The State does not respond to the substance of Anicette's allegations, alleging only that his Petition is untimely.

**DISCUSSION**

As amended by the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2254 limits a federal court's power to review habeas petitions brought by people held in state custody. Cullen v. Pinholster, 563 U.S. 170, 181 (2011). AEDPA restricts the Court's review to state court adjudications of the direct appeal or habeas petition that:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). The factual findings of a state court are presumed to be correct and may be rebutted only through clear and convincing evidence presented by a petitioner. Id. § 2254(e)(1).

**A.    Statute of Limitations**

AEDPA imposes a one-year statute of limitations on state prisoners seeking federal habeas relief. Id. § 2244(d)(1). But the statute of limitations is tolled while a "properly filed application for State post-conviction. . . is pending . . . ." Id. § 2244(d)(2). The statute of limitations begins to run once a petitioner's conviction and sentence become final. Ferreira v. Sec'y, DOC, 494 F.3d 1286, 1288 (11th Cir. 2007).

Anicette's conviction became final on January 14, 2014 at the conclusion of his direct appeal and expiration of his appellate window. He then sought state postconviction relief on December 16, 2014. The state postconviction decision became final on April 23, 2019. Excluding the time when Anicette's state postconviction motions were pending—

from December 16, 2014 through April 23, 2019—336 days had elapsed on the federal time clock. This left 29 days to file the instant Petition, making May 22, 2019 the filing deadline. Anicette placed his Petition in the hands of prison officials on May 29, 2019, one week after AEDPA's statute of limitations expired. Because Anicette did not file his Petition within one year after his conviction and sentence became final, AEDPA's statute of limitations precludes federal habeas review.

**B.     Merits**

But even assuming that the statute of limitations does not bar Anicette's Petition, his claims fail on the merits.

**1.  Ineffective Assistance of Counsel**

Anicette can succeed on his ineffective-assistance-of-counsel claims only if he can show that the trial court or appellate court's determination of the facts surrounding his claims was unreasonable. Id. § 2254(d). Thus, he must establish both that his counsel was ineffective and that it was unreasonable for the court reviewing his claims to conclude otherwise. Anicette must demonstrate "that his counsel's performance was objectively unreasonable by professional standards and that he was prejudiced as a result of the poor performance." Strickland v. Washington, 466 U.S. 668, 687-88 (1984). To show prejudice, Anicette "must establish a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Woodford v. Visciotti, 537 U.S. 19, 22 (2002) (quotations omitted). "A court considering a claim of ineffective assistance must apply a 'strong presumption' that counsel's representation was

4

within the 'wide range' of reasonable professional assistance." Harrington v. Richter, 562 U.S. 86, 104 (2011) (quoting Strickland, 466 U.S. at 689, 697).

### a. Conceding Guilt Without Conferring

Anicette first claims that trial counsel was ineffective for conceding at trial that Anicette was guilty of the battery charge without first conferring with him about that concession. The factual record contradicts Anicette's claim that he was unaware of his lawyer's strategy. The judge stopped the trial proceedings and removed the jury in order to verify that Anicette consented to this strategy. (Trial Tr. (App'x 4) at 12–17.) Trial counsel told the trial court: "my strategy is based on the fact that battery on a person sixty-five or older is a third degree felony punishable by five years. Burglary with a battery, which I am contesting, is punishable by life." (Trial Tr. at 14.) The judge then questioned Anicette: "Mr. Anicette, do you understand what Mr. Mummert is doing, that he is telling the jury that you're guilty of Count II, which is battery on a person sixty-five years of age or older? Do you understand that's what he's doing?" (Trial Tr. at 12-17.) Anicette answered in the affirmative. (Id.)

The trial court and the state postconviction court found that the on-the-record colloquy with defense counsel and Anicette showed that Anicette knew and approved of the concession he now challenges. (Id.; State Postconviction Order at 143–44.) There is not "[c]lear and convincing evidence" to disturb this factual finding, 28 U.S.C. § 2254(e)(1), and this claim fails.

5

### b. Unreasonable Presentation of Partial Guilt

Anicette next claims that trial counsel was ineffective for conceding the battery charge without investigating the defenses of consent and a "non-stealth" entry. Counsel's strategy, however, was not unreasonable. Anicette could not have established consent to enter the victim's bedroom in the middle of the night. (State Postconviction Order at 137-139 citing State v. Sawka, 624 So. 2d 751 (Fla. Dist. Ct. App. 1993) (maintenance man with permission to enter apartment could be convicted of burglary if he made entry in a manner that exceeded scope of consent to enter)).) Rebutting the stealth-entry assertion, which allows for an inference of criminal intent, would not have reasonably changed any outcome because, as the state postconviction court found, the evidence unequivocally showed guilt. (State Postconviction Order at 141 (citing Williamson v. State, 123 So. 3d 1060, 1066 (Fla. 2013) ("claims of prejudice under Strickland are routinely rejected where, as here, the totality of the evidence of guilt so dictates.")).) Anicette has failed to present "clear and convincing evidence to the contrary" and has not established prejudice. 28 U.S.C. § 2254(e)(1); Strickland, 466 U.S. at 687-88. This claim fails.

### c. Witness Testimony

At trial, a witness named Mathieu Morisma testified that Anicette called him from prison and said the victim "got what she deserved." (Trial Tr. at 231.) Anicette claims that trial counsel was ineffective for failing to demonstrate that this statement was a lie. Anicette claims that because phone calls from prison are recorded, this statement would have been easily rebuttable. But even if Morisma's testimony had been excluded, there would still be overwhelming evidence to support Anicette's conviction: DNA evidence,

injuries, bite marks, and officer testimony all established the violent nature of the battery and Anicette's intent to batter. (Trial Tr. at 11; Postconviction Order at 145.) There is no reasonable probability that the outcome of Anicette's trial would have been different without Morisma's testimony. See Williamson, 123 So. 3d at 1066. As such, Anicette has not demonstrated prejudice. Strickland, 466 U.S. at 687-88. This claim fails.

### d. Expert Witnesses and Hearsay

Anicette next claims that failing to call Doctors Kling and Capiola and not challenging hearsay from witness Morisma constitutes ineffective assistance of counsel at sentencing. Anicette further claims that the doctors would have testified to his mental state at the time of the crime. However, these doctors conducted evaluations for competency to stand trial, not evaluations of mental capacity at the time of the crime. (Evaluation Order (App'x 2) at 38.) Because the doctors did not evaluate Anicette's mental state at the time of the crime, it is not reasonable that they could have testified to it; competency at the time of the crime is a separate conclusion than the one they rendered as to Anicette's competency to stand trial. Jackson v. Indiana, 406 U.S. 715, 739 (1972). And as stated previously, the totality of the evidence demonstrated guilt even without Morisma's testimony. (Trial Tr. at 11.) The trial court relied on that same universe of facts when it rendered its sentence. (Sentencing Tr. (App'x 4) at 361.) Anicette has not shown prejudice under either assertion. Strickland, 466 U.S. at 687-88. This claim fails.

### e. Plea Offers

Anicette next claims that trial counsel did not properly advise him regarding state plea offers that he otherwise would have accepted. The state postconviction court noted

7

that this claim is not actually based on "unreasonable advice" to reject a plea, but rather "alleged failure of counsel to advise Defendant to accept the offers." (Postconviction Order at 147-148.) The Court agrees this is an appropriate interpretation of Anicette's claim. Anicette's after-the-fact desire to accept a plea offer—one that he admits to receiving and rejecting—does not form the necessary prejudice. Diaz v. United States, 930 F.2d 832, 835 (11th Cir. 1991). This claim fails.

Anicette also claims that his trial counsel was ineffective for failing to inform him of "numerous" plea deal offers ranging between 57.7 months and 22 years that he discovered during sentencing. (Petition at 11.) But Anicette admits to being informed of and rejecting plea offers of 22 years and 25 years. (Id. at 9.) And the record does not reveal any additional plea offers. (Sentencing Tr. at 358, 360-61.) Anicette has failed to allege a sufficient factual basis for this claim. In addition, mere speculation as to the existence of additional plea offers is not sufficient for federal habeas relief. See Johnson v. Alabama, 256 F.3d 1156, 1187 (11th Cir. 2001). This claim fails.

### f. Competency Hearing

Anicette next claims that trial counsel was ineffective for not insisting on a competency hearing during trial. The trial court ordered a competency hearing before trial, and two psychiatrists found Anicette to be competent to stand trial. (Competency Order (App'x 2) at 42). Thus, without new cause for such a hearing it was reasonable for trial counsel not to insist on another hearing shortly thereafter. Taylor v. Horn, 504 F.3d 416, 438 (3d Cir. 2007); see Stanley v. Cullen, 633 F.3d 852, 862 (9th Cir. 2011) (must have sufficient indicia of incompetence in addition to reasonable probability defendant would

be found incompetent). In addition, "a postconviction movant is presumed to have been competent, and the burden is on the movant to show otherwise." Canales v. Sec'y, Dep't of Corr., No. 8:16-CV-574, 2017 WL 2812665, at *9 (M.D. Fla. June 29, 2017). The state postconviction court found that Anicette had not met this burden and he has not presented "clear and convincing evidence to the contrary" here. 28 U.S.C. § 2254(e)(1). This claim fails.

### g. Speedy Trial

Anicette next claims that trial counsel was ineffective for waiving his right to a speedy trial without his consent. Florida courts have found competent representation where counsel waived speedy trial to seek a plea even though, as alleged here, that waiver conflicted with their client's wishes. State v. Kruger, 615 So. 2d 757 (Fla. Dist. Ct. App. 1993). Anicette's counsel acted in conformity with Florida's professional standards. Nor did trial counsel violate federal standards. See Taylor v. Illinois, 484 U.S. 400, 418 (1988) ("the lawyer has—and must have—full authority to manage the conduct of the trial."). Additionally, Anicette cannot show that any speedy-trial violation impaired his case. Divers v. Cain, 698 F.3d 211, 219 (5th Cir. 2012); (Postconviction Order at 152). The state postconviction court's application of federal law was objectively reasonable and Anicette has not shown prejudice. Drivers, 698 F.3d at 219; Strickland, 466 U.S. at 687-88. This claim fails.

### h. Mental Illness Evidence at Sentencing

Anicette next claims that trial counsel was ineffective at sentencing by not calling an expert who would have testified that Anicette was suffering from "dementia pugilista,"

9

a neuro-degenerative disease. As the state postconviction court found, Anicette has not demonstrated that trial counsel was on notice of this expert and as such, there is no factual basis for this claim. (Postconviction Order at 152; Petition at 12); see Will v. Sec'y for Dep't of Corr., 278 F. App'x 902, 907 (11th Cir. 2008). The nature of the expert's testimony is mere speculation. Johnson, 256 F.3d at 1187 (speculation about the nature of testimony is insufficient for federal habeas corpus relief). Moreover, Anicette had the chance to testify to his alleged mental illness during sentencing but chose not to. (Sentencing Tr. at 367-368; Postconviction Order at 152.) Anicette has not established prejudice and this claim fails.

### i. Anicette's Testimony

Anicette next claims that he did not testify at trial because trial counsel told him it would hurt his case in a manner "so stern" that it amounted to a threat. However, under oath and in court, Anicette told the trial judge that he understood that the decision to remain silent was his and his alone. (Trial Tr. (App'x 2) at 534.) If Anicette believed his attorney threatened him, he should have so informed the trial court. Taking his trial testimony as true, his current claim means he perjured himself. This is an impermissible basis for federal habeas relief. Weck v. Sec'y, Fla. Dep't of Corr., No. 5:17-CV-3, 2019 WL 5068641, at *9 (M.D. Fla. Oct. 9, 2019) (defendant is bound by statements made under oath); see Blackledge v. Allison, 431 U.S. 63, 74 (1977) ("Solemn declarations in open court carry a strong presumption of verity."). This claim fails.

### j. Cumulative Error

Anicette next claims that, even if any single claim is an insufficient basis for habeas relief, he is entitled to relief for cumulative error. The cumulative error doctrine provides that an aggregation of non-reversible errors can yield a denial of a defendant's Sixth Amendment right to a fair trial. Morris v. Sec'y, Dep't of Corr., 677 F.3d 1117, 1132 (11th Cir. 2012). However, as concluded above, each of Anicette's claims lack merit and there is no aggregation of errors that resulted in any denial of Anicette's constitutional rights. It follows that there is likewise no cumulative, so this claim fails.

## 2. Trial Error

In order for Anicette to obtain habeas relief based on trial error, he must establish that the error resulted in "actual prejudice." Davis v. Ayala, 576 U.S. 257, 267 (2015) (citing Brecht v. Abrahamson, 507 U.S. 619, 637 (1993)). Thus, relief is proper where the federal court has "grave doubt about whether trial error had 'substantial and injurious effect or influence in determining the jury's verdict.'" Id. at 268 (citing O'Neal v. McAninch, 513 U.S. 432, 437 (1995)).

### a. Sentencing Departure

Anicette claims that the trial court erred by departing upward from the sentencing guidelines without a proper basis. However, the state trial court did not depart upward and, as such, Anicette cannot establish "actual prejudice." Davis, 576 U.S. at 267 (citing Brecht v. Abrahamson, 507 U.S. 619, 637 (1993)). This claim fails.

## C. Certificate of Appealability

Anicette is required to secure a Certificate of Appealability before appealing the dismissal of his habeas corpus action. 28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b)(1). This Court cannot grant a Certificate of Appealability unless the prisoner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 327 (2003). The prisoner must establish that the resolution of his constitutional claims "was debatable among jurists of reason." Lott v. Att'y Gen., Fla., 594 F.3d 1296, 1301 (11th Cir. 2010).

Anicette has not demonstrated that his claims are debatable or that they "deserve encouragement to proceed further." Miller-El, 537 U.S. at 327. The Court will therefore not grant a Certificate of Appealability.

## CONCLUSION

Anicette is not entitled to federal habeas relief. Accordingly, **IT IS HEREBY ORDERED that**:

1. Anicette's Petition for a Writ of Habeas Corpus (Docket No. 1) is **DENIED**;
2. A Certificate of Appealability will not issue; and

3.      The Clerk shall enter judgment accordingly, terminate all remaining deadlines as moot, and close the file.

Dated:     August 19, 2020

*s/Paul A. Magnuson*
Paul A. Magnuson
United States District Court Judge